325 So.2d 777 (1976)
STATE of Louisiana, Relator,
v.
Willie ALEXANDER, Jr., Respondent.
No. 56626.
Supreme Court of Louisiana.
January 19, 1976.
*778 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Donald T. Giglio, Asst. Dist. Atty., for plaintiff-relator.
James J. Gleason III, New Orleans, for defendant-respondent.
TATE, Justice.
The issue before us is whether a grand jury indictment is required to charge a convicted defendant as a fourth-offender for purposes of enhancing his punishment as a multiple offender under La.R.S. 15:529.1. We granted the State's application to review a trial court ruling which quashed an information so charging the defendant. The court held that a grand jury indictment is required under the circumstances.
The defendant Alexander was initially charged with a simple burglary of April 18, 1975. This crime is a felony punishable by imprisonment at hard labor for not more than nine years. La.R.S. 14:62.
After Alexander's conviction by the trial jury, the district attorney filed a bill of information charging him as a fourth offender, based on three prior convictions, and praying that he receive an enhanced penalty as a multiple offender under La. R.S. 15:529.1. By that statute, as a fourth offender the defendant is subject to an enhanced penalty up to a maximum of life imprisonment. La.R.S. 15:529.1A(3).
The trial court sustained the defendant's motion to quash the charge holding that an indictment by grand jury is required because the charge subjected him to the possibility of life imprisonment. In so doing, the court relied upon Article 1, Section 15 of the Louisiana Constitution of 1974. See also La.C.Cr.P. art. 382 (as amended in 1974, to conform with the new constitution).
The constitutional provision is entitled "Initiation of Prosecution". It provides:
"Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. * * *"
As will be shown, the constitutional provision was not intended to and does not *779 apply to the institution of enhanced-penalty proceedings, La.R.S. 15:529.1, after a defendant has been convicted of a crime charged. It applies only to the substantive crime with which an accused is initially charged.
The constitutional classification of felonies for "initiation of prosecution" by information or grand-jury indictment respectively, Article 1, Section 15, is thus determined by the legislative penalty provided by the enactment defining the crime and providing for its punishment. This classification is founded upon the general penalty applicable to the substantive crime charged by the initiation of the prosecution for it, not upon any enhanced penalty to which any particular individual might be subject because of his prior convictions.
In the present case, the defendant was charged with the crime of simple burglary. The maximum legislative penalty provided for this felony is imprisonment at hard labor for nine years. La.R.S. 14:62. Therefore, he could be prosecuted for this crime either by indictment or by (bill of) information. Article 1, Section 15, La. Constitution (1974); La.C.Cr.P. art. 382 (1974).
After his conviction, because of his prior convictions, the defendant was subject to an enhanced penalty as a multiple-offender. La.R.S. 15:529.1. Under the statute, the district attorney may file an information charging a defendant, after conviction, as a multiple-offender if prior convictions are known or learned of. This (bill of) information does not charge a crime but is merely a method of informing the sentencing court of the circumstances and requesting an enhancement-of-penalty. State v. Jackson, 298 So.2d 777 (La.1974).
A proceeding to enhance the penalty of a convicted defendant because of prior convictions does not charge him with a crime; it is merely a method of increasing the punishment for second and subsequent offenders. State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), reversed on other grounds 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Hardy, 174 La. 458, 141 So. 27 (1932); State v. Guidry, 169 La. 215, 124 So. 832 (1929).
The decisions cited show that the enhancement of the penalty for habitual offenders convicted of a new felony addresses itself to the sentencing powers of the trial judge after conviction. The post-conviction enhanced-penalty proceedings have no functional relationship to the innocence or guilt of the crime for which prosecution is initiated either by grand-jury indictment or by (bill of) information.
The function of the grand jury is to inquire into offenses and to indict for an offense if the evidence before it so indicates. La.C.Cr.P. arts. 437, 443. The grand jury's accusatory function has no concern with an enhanced penalty which might be applied should the accused be convicted after trial on the merits of the offense for which indicted.
In this historical, jurisprudential, and statutory context, the constitutional requirement that prosecution for "a crime punishable by life imprisonment", Article 1, Section 15, be initiated by an indictment by the grand jury is intended only to refer to those legislatively defined crimes which the legislature has classified as punishable by life imprisonment.
For the reasons assigned, our trial brother erred in quashing the information which charged the defendant as a multiple-offender for purposes of enhancing the sentence imposed on him. We reverse such ruling and remand this case for further proceedings in accordance with law.
Reversed and remanded.