DOMENGEAUX, Judge.
The defendant, Warren Harris, was charged by bill of information with the crime of armed robbery in contravention of La.R.S. 14:64. On September 26, 1984, a unanimous twelve member jury found the defendant guilty as charged. Thereafter, the trial court sentenced Warren Harris to serve thirty years at hard labor without benefit of parole. Defendant appeals his conviction relying on three assignments of error.
FACTS
On November 24, 1983, Thanksgiving Day, Lucille Ewing, an employee at the Canal station in Vermilion Parish was robbed by two black men wearing masks. The only description she could give was that the one holding the gun had big lips and was about her height, that is 5'5", while the other man was a little taller than herself. Anthony Levy was arrested and, pursuant to a plea bargain, confessed to driving the getaway car. He implicated the defendant and Carlton Hill as the active perpetrators. Anthony Levy’s uncle is Sergeant Butcher, the policeman who originally took both Levy’s and Hill’s statements.
ASSIGNMENT OF ERROR NO. 1
Defendant asserts that the trial court erred by allowing the State to make an amendment of substance in the bill of information after trial had begun. La.C.Cr.P. Art. 487(A) reads:
“A. An indictment that charges an offense in accordance with the provision of this Title shall not be invalid or insufficient because of any defect or imperfection in, 'or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.”
According to La.C.Cr.P. Art. 761, “[a] jury trial commences when the first prospective juror is called for examination.” In the instant case, the first panel of twelve jurors had already been examined by both the prosecutor and the defense counsel before the motion to amend the bill of information was urged. Therefore, the issue before us is whether the amendment of the bill of information was one of substance or merely one of form.
The original bill of information charged that “Anthony Levy, Warren Harris, and Carlton Hill, while armed with a dangerous weapon, to wit: a .38 revolver, robbed one Canal Station, ... in violation of LSA-R.S. 14:64.” The amended bill of information reads: “The State charges that the Defendant, Warren Harris, while armed with a dangerous weapon; to-wit;- a .38 caliber revolver, robbed one Lucille Ewing, an employee of the Canal station, ... in violation of LSA-R.S. 1434 (sic).”
Defendant contends that the trial court was required to order a mistrial in conformance with the requirements of La.C. Cr.P. Art. 487, because La.R.S. 14:64[1] requires as an essential element of the crime of armed robbery that a person be named *231 as the victim. Therefore, since the amendment added a person as the victim, the defendant argues that the amendment was one of substance and should not have been granted since trial had already begun.
In State v. James, 305 So.2d 514 (La.1974), the Supreme Court held that an indictment with the identical defect as the original one in the instant case was not fatally defective.[2] In a case where the indictment for armed robbery named a place instead of a person as a victim, the James court stated:
“We note that we do not have before us an indictment that does not, by any reasonable construction, charge the offense for which the defendant is convicted. Nor do we here have an offense charged so imprecisely or uncertainly that there is any real doubt, both for purposes of pre-trial notice as well as for subsequent double jeopardy purposes, of the crime-transaction against which the defendant had to defend.
The indictment here charged the defendant with a robbery on a certain date and at a certain premises. In the lack of other specificity, the indictment (broadly construed) charges the robbery of the person or persons at the premises.”
While the indictment in the James case was identical to defendant Harris’ original indictment, we must expose the distinction between the two cases. In James, our Supreme Court noted sua sponte that the indictment was defective. The defendant therein raised no objection prior to the verdict which questioned the validity of his indictment. In Harris’ case, counsel timely noted objection to amendment of the indictment. While these two cases differ in this important aspect, we find that the defect in the James indictment was not fatal for reasons which make the amendment of Harris’ indictment one of form.
“A ‘defect of substance’ as corn templated by Article 487 of the Code of Criminal Procedure is intended to mean a defect which will work to the prejudice of the party accused.” City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974). In the present case, the defendant neither alleged nor proved any prejudice flowing from the defect in the original indictment. As in James, supra, the defendant was made aware of the crime for which he was charged, and on the date and at the time the crime was alleged to have taken place. Neither the defendant’s rights concerning pre-trial notice nor double jeopardy have been compromised by the amendment complained of. Therefore, we find the amendment of the indictment to be one of form, and the trial court committed no error in allowing the amendment after the commencement of trial. Defendant’s first assignment of error is without merit.
ASSIGNMENT OP ERROR NO. 2
The defendant avers that the trial court erroneously allowed the State to introduce the allegedly stolen money into evidence without requiring the State to lay a proper foundation either by identification or by developing a chain of custody. However, the defendant did not object when the State attempted to introduce this money.
Article 841 of the Louisiana Code of Criminal Procedure states in pertinent part:
“An irregularity of error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.”
And, failure to raise a contemporaneous objection waives such arguments for appeal. State v. Ellwest Stereo Theatres, Inc., 412 So.2d 594 (La.1982). By failing to object to the introduction of the evidence at *232 the trial court level, the defendant waived his argument on appeal. Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
Pursuant to this assignment of error defendant contends that the State presented no evidence to show that the defendant was one of the perpetrators of the armed robbery. The only evidence implicating defendant was the testimony of Anthony Levy who accepted a suspended sentence in exchange for his testimony, and who was also the nephew of one of the policemen involved in the investigation. Therefore, the defendant urges that the trial court was required to grant defendant's motion for a post-verdict judgment of acquittal[3] or, in the alternative, a new trial[4] because the verdict was contrary to the law and the evidence.
The standard of review for both the above motions is that set forth in Jackson v. Virginia,[5] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 506 (1979), thusly: Whether any rational factfinder, viewing the evidence in the light most favorable to the prosecution, could have found proof of guilt beyond a reasonable doubt. State v. Allen, 440 So.2d 1330 (La.1983); State v. Chapman, 438 So.2d 1319 (La.App. 3rd Cir.1983).
Miss Ewing, the robbery victim, testified that both men had on masks so she could not see their faces, but that one was about 5'5" and the other one a little taller. Carlton Hill testified to being 5'8". As the transcript indicates, this is apparently about the same height as the defendant. Anthony Levy is 6'2" tall.
Carlton Hill testified to robbing the station with Anthony Levy. He said that he had originally implicated the defendant because Levy’s uncle, Sergeant Butcher, and Detective Ray Gaspard told him to do so. In his trial testimony Hill denied that the defendant was involved in the robbery. Anthony Levy testified that he drove the getaway car, and waited outside while Carlton Hill and the defendant went inside and robbed the victim.
The defendant’s alibi witnesses, Brenda, Cynthia, and Marjorie Lee (the mother of the defendant’s child), testified that the defendant was at their house for Thanksgiving at the time- the robbery occurred.
It is well settled that the determination of the respective credibilities of the witnesses is a function of the factfinder and the appellate court will not second guess their determinations beyond a sufficiency evaluation under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). In reviewing the above evidence in the light most favorable to the prosecution, any rational factfinder could have found beyond a reasonable doubt that the defendant committed armed robbery. Consequently, this third assignment of error lacks merit.
For the above and foregoing reasons the judgment and sentence of the district court are affirmed.
AFFIRMED.

. La.R.S. 14:64(A) reads:
"A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”

. State v. James, supra, specifically overruled State v. Williams, 275 So.2d 738 (La.1973), and State v. Smith, 275 So.2d 733 (La.1973), which held that a bill of information charging armed robbery was fatally defective for its failure to allege the person robbed.

. In pertinent part La.C.Cr.P. art. 821 states:
"A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty....”

. La.C.Cr.P. art. 851 reads in pertinent part:
"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence; ...”

.Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than “second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App, 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.), writ denied, 458 So.2d 128 (La.1984).