665 So.2d 1286 (1995)
STATE of Louisiana
v.
Darlene M. WHEELER.
No. 95-KA-1628.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1995.
*1287 John F. Rowley, District Attorney and Darren M. Roy, Assistant District Attorney, 34th Judicial District Court, Parish of St. Bernard, Chalmette, for Plaintiff/Appellee.
Eugene P. Redmann, New Orleans, for Defendant/Appellant.
Before BARRY, ARMSTRONG and G. WALTZER, JJ.
ARMSTRONG, Judge.
Defendant, Darlene M. Wheeler, was charged by bill of information with failing to yield the right of way while turning left, a violation of La.R.S. 32:122. At trial the District Attorney amended the charge to conform to the testimony and evidence presented at trial, charging her with improper lane usage, a violation of La.R.S. 32:79. The trial court found her guilty and fined her thirty-five dollars plus court costs. The defendant now appeals.
The defendant claims the trial court erred (1) in allowing the district attorney to institute prosecution by an unnotarized citation and (2) in allowing the district attorney to amend the bill of information substantively after the commencement of trial.
The trial court tried Ms. Wheeler under La.R.S. 32:57, which provides for penalties for traffic violations and states that a violator may be imprisoned for not more than thirty days for a first violation. Traffic violations are not triable by a jury, and hence are not appealable judgments. La.C.Cr.P. art. 912.1. However, this court will treat the matter as an application for a writ of review. City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985); State v. Hall, 454 So.2d 409 (La.App. 4th Cir.1984).
The defendant first complains that the district attorney instituted prosecution with an unnotarized citation. The State answers by pointing to the sleeve into which the traffic ticket is placed; the sleeve is printed so that the offender's name appears in a window in the sleeve; above the offender's name is written "John F. Rowley, District Attorney, charges that," and below the offender's name is printed "violated the Louisiana Highway Regulatory Act in the manner described in the enclosed complaint-Affidavit: Contrary to the law of the State of Louisiana and against the peace and dignity of the same." The sleeve is signed by an assistant district attorney. Thus, the prosecution had a valid bill of information providing the accused with a written accusation of the crime and signed by a district attorney. La.C.Cr.P. art. 384. We find no merit to this assignment of error.
The defendant next argues that the charge against Darlene Wheeler was improperly amended after trial had begun. As noted above, the defendant was first charged with failing to yield the right of way, a violation of La.R.S. 32:122. At trial, after the witnesses had testified and defense counsel elicited from the ticketing police officer that the defendant had not in fact violated the statute charged in the bill of information, the district attorney amended the information to charge improper lane usage or changing lanes improperly, a violation of La.R.S. 32:79.
Defense counsel objected to the amendment and also initially requested a continuance. Subsequently, defense counsel stated that he did not wish a continuance and simply chose to stand on his objection to the amendment. The trial court then found the defendant guilty as charged.
La.C.Cr.P. art. 487 provides in pertinent part:

*1288 Before trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
The Louisiana Supreme Court recently spoke directly to the issue before us in State v. Johnson, 93-0394 (La. 6/3/94), 637 So.2d 1033. There the defendant was charged with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A). During trial the evidence revealed that the appellant possessed both cocaine and "bunk." In his instructions to the jury, the trial court instructed them that they could return a guilty verdict if they found the appellant had violated La.R.S. 40:967(A)(2), possession of a counterfeit controlled dangerous substance. In reversing the conviction, the court stated:
La. Const. 19974, Art. I, § 13 provides that "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." This requirement protects the accused's right to prepare a defense and exercise fully his rights of confrontation and cross-examination. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. Accordingly, the state may not substantively amend a bill of information to charge a new offense once trial has begun. La.C.Cr.P. art. 487. (Citations omitted). (Emphasis added).
State v. Johnson, 637 So.2d at 1035.
In the instant case, the State substantively amended the charge after the witnesses had testified. Under State v. Johnson, this was reversible error.
For the foregoing reasons we reverse the judgment of the trial court and remand this case for further proceedings.
REVERSED AND REMANDED.