818 So.2d 1011 (2002)
STATE of Louisiana
v.
Brian Thomas DELANDRO a/k/a Derrick Robinson.
No. 2001 KA 2514.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
*1012 Bertha M. Hillman, Louisiana Appellate Project, Thibodaux, Counsel for Defendant-Appellant Brian Thomas Delandro a/k/a Derrick Robinson.
*1013 Honorable Joseph L. Waitz, District Attorney, Ellen Daigle Doskey, Assistant District Attorney, Houma, Counsel for Appellee State of Louisiana.
Before: FITZSIMMONS, DOWNING, and LANIER,[1] JJ.
FITZSIMMONS, J.
The defendant, Brian Thomas Delandro a/k/a Derrick Robinson, was charged by bill of information with distribution of cocaine in violation of La. R.S. 40:967. He pled not guilty. After a trial by jury, he was found guilty as charged. The trial court denied the defendant's motions for post-verdict judgment of acquittal and for a new trial. The defendant was subsequently sentenced to thirty (30) years imprisonment at hard labor, with the first five (5) years to be served without the benefit of probation, parole or suspension of sentence. The defendant's motion to reconsider sentence was denied. He now appeals, urging the following assignments of error:
1. The bill of information charges an offense for which prosecution can be instituted only by a grand jury indictment;
2. The court erred in denying the defendant's motion to continue after the state amended the bill of information to a greater offense on the day of the trial.
We affirm.

FACTS
On April 15, 2000, Stacy Mabile, an undercover agent for the Terrebonne Parish Sheriff's Office, conducted an undercover operation on East Street in Houma, Louisiana. Agent Mabile was traveling down East Street towards Main Street, when he came upon the defendant riding a bicycle. According to Agent Mabile, the defendant was staring at the agent. Agent Mabile then signaled the defendant to come towards his truck. Agent Mabile asked the defendant for a person with whom the agent had had prior dealings. The defendant responded that he did not know the person, but asked the agent what he wanted. The agent asked the defendant for a "20." The defendant stated that he would get it for him and directed Agent Mabile to wait. The defendant returned and sold the agent a rock-like substance later determined to contain cocaine. The entire transaction was videotaped. The defendant was charged with distribution of cocaine.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant contends that the bill of information charges an offense for which prosecution can be instituted only by a grand jury indictment. He specifically avers that since he had already been convicted of two prior felonies, a conviction on the charge of distribution of cocaine would, as a third felony offender, subject him to life imprisonment under the Habitual Offender Law, La. R.S. 15:529.1. He argues that he is therefore entitled to the same constitutional protection as any other defendant who is subjected to life imprisonment.
Article 1, § 15 of the Louisiana Constitution of 1974, entitled "Initiation of Prosecution," provides in pertinent part as follows:
Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by *1014 life imprisonment except on indictment by a grand jury.
Similarly, La.Code Crim. P. art. 382 A provides as follows:
A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.
The above constitutional provision and code article were not intended to, and do not, apply to the institution of enhanced-penalty proceedings, pursuant to La. R.S. 15:529.1. They apply only to the substantive crime with which an accused is initially charged. See State v. Alexander, 325 So.2d 777, 778-779 (La.1976). The constitutional classification of felonies for "initiation of prosecution" by information or grand jury indictment is thus determined by the penalty provided by the legislature. State v. Alexander, 325 So.2d at 779. "This classification is founded upon the general penalty applicable to the substantive crime charged by the initiation of the prosecution for it, not upon any enhanced penalty to which any particular individual might be subject because of his prior convictions." Id.
Although the defendant bases his argument on his status as a third felony offender in the instant case, he was not adjudicated an habitual offender. The defendant was charged in this case with the crime of distribution of cocaine, in violation of La. R.S. 40:967. The maximum legislative penalty provided for this felony is imprisonment at hard labor for thirty years, not life imprisonment or death. La. R.S. 40:967 B(4)(b). Therefore, he could be prosecuted for this crime either by indictment or by information. La. Const. art. I, § 15; La.Code Crim. P. art. 382.
In State v. Overton, 337 So.2d 1201 (La.1976), the defendant contended that because a prison term of 198 years is the equivalent of life imprisonment, his prosecution should have been initiated by grand jury indictment under La. Const. art. I, § 15. The Louisiana Supreme Court held in that case that multiple offender charges are not prosecutions for crimes, but enhanced penalty proceedings for previous convictions. Consequently, the enhancements do not fall within the cited constitutional provision. State v. Overton, 337 So.2d at 1207.
The defendant herein cites State v. Overton in his brief, but argues that his case is distinguished from Overton. The defendant points out that the defendant in Overton was subjected to a prison term of 198 years, rather than life imprisonment. However, it is apparent that the holding of Overton is applicable to the facts of the instant case. "A proceeding to enhance the penalty of a convicted defendant because of prior convictions does not charge him with a crime; it is merely a method of increasing the punishment for second and subsequent offenders." State v. Alexander, 325 So.2d at 779. Thus, we find that assignment of error number one is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In assignment of error number two, the defendant avers that the trial court erred in denying his motion to continue after the state amended the bill of information to a greater offense on the day of the trial. The defendant submits that he asked for the continuance in order to have time to prepare a defense on the "greater" charge. He also argues that the amendment of the bill of information at the time of trial prejudiced him. For example, he may have accepted a plea bargain had he *1015 known he was exposed to greater penalties by going to trial; his questions to prospective jurors during the voir dire may have been framed differently had he known that the state was proceeding with a distribution charge, instead of an intent to distribute charge; and, finally, he may have selected different jurors.
La.Code Crim. P. art. 487(A) reads:
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exist therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
La.Code Crim. P. art. 489 in pertinent part provides as follows:
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution.
"As a general rule, the denial of a continuance is not grounds for reversal of a criminal conviction absent an abuse of discretion and a showing of specific prejudice caused by denial of the continuance." State v. Jones, 395 So.2d 751, 753 (La. 1981). "It is incumbent upon defendant to show in what respect his defense has been prejudiced by the amendment of the bill." State v. Brown, 338 So.2d 686, 687 (La. 1976).
In State v. Johnson, 93-0394, p. 3 (La.6/3/94), 637 So.2d 1033, 1034-1035 (per curiam), the Supreme Court set out the law on the amendment of a bill of information:
La. Const.1974, Art. I, § 13 provides that "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." This requirement protects the accused's right to prepare a defense and exercise fully his rights of confrontation and cross-examination. State v. Germain, 433 So.2d 110 (La.1983). The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. State v. Marcal, 388 So.2d 656 (La.1980); State v. Meunier, 354 So.2d 535 (La. 1978). Accordingly, the state may not substantively amend a bill of information to charge a new offense once trial has begun. La.Code Crim. P. art. 487; Cf., State v. Roberts, 319 So.2d 317, 320 (La. 1975), rev'd on other grounds, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), on remand, 340 So.2d 263; State v. Bluain, 315 So.2d 749 (La.1975).
In a jury trial, trial begins when the first prospective juror is called for examination. La.Code Crim. P. art. 761. In the instant case, the state filed an amendment of the bill of information, and moved for *1016 the re-arraignment of the defendant, immediately following the swearing in of the jurors selected from the first panel of prospective jurors. Thus, the trial had already begun at the time of the amendment. Therefore, the initial issue before us is whether the amendment of the bill of information was one of substance or merely one of form.
The front of the original bill of information charged the defendant with distribution of cocaine. At his initial arraignment, he was charged with distribution, not possession with intent to distribute. However, the portion of the original bill that listed the details of the offense provided, in part, as follows: "Brian Thomas Delandra Alias: Derrick Robinson..., on or about the 15th day of August in the year of Our Lord 2000 in the Parish of Terrebonne, ... DID KNOWINGLY, WILLINGLY, AND INTENTIONALLY possess with the intent to distribute a schedule II controlled dangerous substance to wit: Cocaine, in violation of La. R.S. 40:967A." To conform to the front of the bill, and the original arraignment charge, the amended bill of information provided, in part, as follows: "Brian Thomas Delandro Alias: Derrick Robinson..., on or about the 15th day of August in the year of Our Lord 2000 in the Parish of Terrebonne, ... DID THEN AND THERE Unlawfully and intentionally distribute a scheduled (sic) II controlled dangerous substance, to wit: Cocaine, in violation of La. R.S. 40:967A."
When the prosecution moved for the re-arraignment of the defendant, the defense counsel objected, stating that the amendment completely changed the charge. The defense counsel also asked for a continuance based upon the potential prejudice resulting from the amendment. Upon questioning by the trial court, the defense counsel admitted that he always believed that the prosecution of the defendant was for distribution of cocaine, and not for possession with intent to distribute.
On appeal, the defendant argues that he may have selected different jurors, or framed his questions to the prospective jurors differently, had he known the state was proceeding with a distribution charge, instead of an intent to distribute charge. This argument on appeal is inconsistent with the defense counsel's admission during trial that he was always aware of the defendant's true charge. Furthermore, an examination of the voir dire of the first panel, including the questioning of the prospective jurors by the defense counsel, clearly reveals that there was no uncertainty as to the charge against the defendant. For example, the defense counsel asked the prospective jurors, "How do you feel about the police going (sic) entice someone to possibly sell them drugs?" Counsel also asked, "What if the police pull an undercover car, as undercovers, and sort of wave money in front of people who they think might be selling drugs and try to get them to sell drugs?" Additionally, the defense counsel directly confirmed his knowledge of the charge against the defendant when he asked, "You heard that he's charged with allegedly distribution of crack cocaine?"
Finding that the defendant was not prejudiced in any way, the trial court allowed the amendment of the bill of information. The court further allowed the re-arraignment of the defendant, "more out of an excess of caution than necessity to make sure there's no question that he's being tried for Distribution of Cocaine and not possession with intent to distribute cocaine." The state submits that there is no credible claim of prejudice because (1) the defendant was arraigned for distribution, and (2) he was aware of the true charge from the beginning of the prosecution. *1017 Thus, the state argues, the trial court did not err in allowing the state to amend the bill of information.
"A `defect of substance' as contemplated by Article 487 of the Code of Criminal Procedure is intended to mean a defect which will work to the prejudice of the party accused." City of Baton Rouge v. Norman, 290 So.2d 865, 870 (La.1974); see also State v. Harris, 478 So.2d 229, 231 (La.App. 3 Cir.1985), writ denied, 481 So.2d 1331 (La.1986). The purpose of requiring the state to file an amendment to the indictment before trial is to provide the defendant with adequate notice of the charge so that he may properly prepare his defense. State v. Young, 615 So.2d 948, 951 (La.App. 1 Cir.), writ denied, 620 So.2d 873 (La.1993). When the indictment against him provides sufficient notice of the crime with which he is charged, a defendant suffers no prejudice.
On review, care must be taken to avoid undue prejudice. However, under the particular facts of this case, the defendant failed to prove any prejudice flowing from the defect in the original indictment. The original bill of information informed the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, and for the court to determine the admissibility of the evidence. The front of the original bill of information clearly provided that the defendant was being charged with "distribution" of a controlled substance, "cocaine." The defendant was arraigned for the charge of distribution of cocaine, and, as noted above, the defense counsel admitted that he believed the charge was distribution, rather than intent to distribute. The record fully supports the finding that the bill of information provided the defendant with sufficient notice for adequate trial preparation.
We also note that the defendant incorrectly argues that the amendment resulted in the defendant being charged with a greater offense and subjected to greater penalties. This argument is unfounded. The applicable statute, La. R.S. 40:967 B(4)(b), provides the same penalty for both charges.
For the foregoing reasons, we find the amendment of the language providing the details of the offense to be one of form. Therefore, the trial court committed no error in allowing the amendment after the commencement of trial. Having determined that the defendant failed to show any prejudice resulting from the amendment of the bill, we also find that the trial court did not abuse its discretion in denying the defendant's motion for continuance. Thus, this assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.