ROLAND L. BELSOME, Judge.
^STATEMENT OF CASE
On August 21, 2003 Raymond Moliere was indicted by the Orleans Parish Grand Jury on two charges: 1) the first degree murder of Brandon Davis, a violation of *1101 La. R.S. 14:30; and 2) the armed robbery of James Jones, a violation of La. R.S. 14:64. Moliere pled not guilty to both counts at his arraignment on August 28, 2003.
Trial of the State’s charges against Moliere occurred on October 12 and 13, 2004. On October 12, 2004, the State amended count one of the indictment to charge Moliere with the second degree murder of Brandon Davis, a violation of La. R.S. 14:30.1. Simultaneously, the State also amended count two of the indictment to charge Moliere with the attempted second degree murder of James Jones, a violation of La. R.S. 14:(27)30.1. The indictment contains a hand written notation from Shannon Swaim, assistant district attorney, whereby she amended count 2 of the indictment to attempted second degree murder of James Jones. Further, Ms. Swaim signed and dated the amendment October 12, 2004. Additionally, the record also contains a minute entry made on October 13, 2004 that states: “On the first day of trial, the State amended the Bill of Information. The State amended 12count 1 of the Bill of Information to read RS 14:30.1 second degree murder. The State amended count 2 of the Bill of Information to read RS 14(27)30.1 ATT 2nd degree murder.”
On October 13, 2004, a twelve-person jury found Moliere guilty on both amended counts. The trial court sentenced Moliere on October 20, 2004. On count one the trial court sentenced Moliere to life imprisonment. On count two the trial court sentenced Moliere to fifty years imprisonment. The trial court ordered these sentences to be served without benefit of parole, probation, or suspension of sentence and that they be served concurrently. On October 26, 2004 Moliere filed a motion for appeal, and the trial court appointed the Louisiana Appellate Project to represent Moliere. The record was lodged in this court on March 18, 2005. Moliere filed his brief on May 31, 2005. On June 25, 2005 this court denied the State’s motion to supplement the record and interrupt the briefing schedule. The State filed its brief on July 5, 2005. We note that Moliere does not appeal his conviction for the second degree murder of Brandon Davis.

STATEMENT OF FACT

This case concerns the conviction of Raymond Moliere for the second degree murder of Brandon Davis and the attempted second degree murder of James Jones. Early in the morning of June 26, 2003, Davis and Jones were leaving a nightclub called The Showcase, in New Orleans East. Felicia Hughes, who worked at The Showcase and who knew both Davis and Jones, asked them to give her a ride to Chalmette, Louisiana, where she was staying at the time. They agreed to give her a ride.
On the way to the car, Raymond Moliere also asked Davis and Jones for a ride to a residence on Skyview Drive in New Orleans East. Once again, Davis and |aJones agreed. Davis and Jones knew Moliere, and a month before Davis and Moliere had been in an altercation. Hughes also knew Moliere. They had previously been involved in a sexual relationship, but Hughes had broken it off when she suspected Moliere of stealing from her.
Once they arrived in front of Moliere’s destination on Skyview Drive, Davis asked Moliere to get out of the car so he could take Hughes home. Moliere pulled out a gun and began shooting. Jones testified that he was shot in the neck, and then he hopped out of the back seat and attempted to run to the corner. Moliere continued shooting, and a bullet landed in Jones’ left leg. Moliere then stood over Jones and fired another shot that hit Jones in the arm. Jones testified that he observed *1102 Davis lying across from him near the curb. Hughes testified that she exited the car and ran down the street, and that Moliere chased her, but eventually he turned around and got back in the car.
Based on interviews with Jones while he was in the hospital, police identified Moliere and issued a warrant for his arrest. Moliere was eventually arrested on June 28, 2003, after an officer from the Seventh District observed him in the vicinity of Esplanade and North Robertson.
On October 13, 2004, a jury convicted Moliere of the second degree murder of Brandon Davis and the attempted second degree murder of James Jones. His appeal is now before us.

DISCUSSION

Defendant contends that his conviction for attempted second degree murder is an error patent because he was not properly indicted on that charge. Specifically, count two of the indictment originally charged defendant with armed robbery but defendant contends that it was improperly amended to charge him with ^attempted second degree murder. Defendant’s argument is twofold. First, defendant contends that the State had no authority to amend count two, armed robbery, to the nonresponsive crime of attempted second degree murder. Second, defendant argues that his conviction for attempted second degree murder should be reversed because the record does not establish when the State amended the bill of information.
Defendant’s first contention is without merit. The Louisiana Supreme Court has held that a prosecutor may make substantive amendments to a grand jury indictment before trial begins. State v. Neslo, 433 So.2d 73 (La.1983). Where the defense can show prejudice as a result of the amendment, the court should grant a motion for a continuance. La.C.Cr.P. art. 489. Presently, the record shows that defendant neither objected to the State’s amendment of count two of the indictment nor asked the trial court for a continuance pursuant to La.C.Cr.P. art. 489. Moreover, the record does not show that defendant objected to the trial court’s jury instructions regarding second degree murder or attempted second degree murder.
Further, it is difficult to see how the state’s amendment of count two prejudiced Moliere. It became apparent at the suppression hearing, held over seven months before trial, that Moliere’s shooting of Jones would support an attempted second degree murder indictment. Specifically, defendant’s conviction for the attempted second degree murder of Jones was based, aside from the ballistics evidence, on the eye-witness testimony of Jones. Jones’ testimony at the suppression hearing effectively mirrored his testimony at trial. Further, counsel at the hearing was the same counsel at trial. Thus, Moliere suffered no prejudice from the State’s amendment of count two on the day of trial.
| ¡¡Defendant next contends that his conviction for attempted second degree murder 'should be reversed because the record does not establish when the State amended the bill of information. Specifically, the record does establish that the State amended count two of the indictment on the day of trial. To reiterate, on August 21, 2003 Raymond Moliere was indicted by the Orleans Parish Grand Jury on two charges: 1) the first degree murder of Brandon Davis, a violation of La. R.S. 14:30; and 2) the armed robbery of James Jones, a violation of La. R.S. 14:64. Moliere pled not guilty to both counts at his arraignment on August 28, 2003.
On October 12, 2004 the State amended count two of the indictment to charge Moliere with the attempted second degree *1103 murder of James Jones, a violation of La. R.S. 14:(27)30.1. The indictment contains a hand written notation from Shannon Swaim, assistant district attorney, whereby she amended count two of the indictment to attempted second degree murder of James Jones. Further, Ms. Swaim signed and dated the amendment October 12, 2004. Additionally, the record also contains a minute entry made on October 13, 2004 that states: “On the first day of trial, the State amended the Bill of Information. The State amended count 1 of the Bill of Information to read RS 14:30.1 second degree murder. The State amended count 2 of the Bill of Information to read RS 14(27)30.1 ATT 2nd degree murder.” It is unclear whether the amendment occurred before the trial began.
La.C.Cr.P. art. 487 provides that the court may order an indictment amended before the trial begins. If the indictment is amended after the trial begins, “a mistrial shall be ordered.” The Fourth Circuit adopted this principle in State v. Wheeler, 95-1268 (La.App. 4 Cir. 12/14/95); 665 So.2d 1286. There, the Fourth Circuit found that the trial court committed reversible error by allowing the state to | fiamend an indictment against the defendant to charge her with a different violation during the trial.
The Wheeler court was following the Supreme Court precedent set in State v. Johnson, 93-0394 (La.6/3/94); 637 So.2d 1033. The Court held that the State may not substantively amend a bill of information to charge a new offense once trial has begun. In Johnson, at trial the evidence revealed that appellant possessed both cocaine and imitation cocaine, or “bunk.” The original charges against the appellant were for possession of cocaine with intent to distribute. In his instructions to the jury, the trial court instructed them that they could return a guilty verdict if they found that the appellant had violated the relevant statute on possession of a counterfeit controlled substance. The Supreme Court ordered his conviction overturned.
The Supreme Court in Johnson explained that the Louisiana Constitution:
[Provides that in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. This requirement protects the accused’s right to prepare a defense and exercise fully his rights of confrontation and cross-examination. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence.
State v. Johnson, 93-0394 (La.1994); 637 So.2d 1033, at 1034-35 (internal quotations and citations omitted).
Here, the minute entry notation indicates that the amendment occurred on the first day of the trial. The record does not definitively indicate that the amendment occurred before the trial began. Following the precedent set in Johnson, Wheeler, and La.Code of Criminal Procedure article 487, whereby the accused’s right to prepare for the nature and the cause of accusation against him|7were not protected, we overturn the conviction of count two of the defendant’s indictment, for the attempted second degree murder of James Jones in violation of La. R.S. 14(27)30.1.

CONCLUSION

For the foregoing reasons, we reverse Raymond Moliere’s conviction and sentence for the attempted second degree murder of James Jones, but note that Moliere did not appeal his conviction for the second degree murder of Brandon Davis.
REVERSED AND REMANDED.
CANNIZZARO, J., dissents with reasons.