MICHAEL E. KIRBY, Judge.
 

 |
 
 STATEMENT of case
 

 The State charged Fabian Mumme with “cruelty to an animal, to -wit, a bat, belonging to Julian Mumme, by beating the animal with a bat causing the animal to be maimed and injured.” Later the information was amended to delete the phrase “to wit, a bat.” He pled not guilty and subsequently was found competent to stand trial. At a hearing on defense motions the trial court denied defendant’s motions to suppress the evidence and the statement and found probable cause. Mr. Mumme waived trial by jury and proceeded with a judge trial. The trial court found him guilty as charged and sentenced him to three years at hard labor, suspended, provided he serve three years active probation. The sentence was imposed under La.C.Cr.P. art. 893.
 

 STATEMENT OF FACT
 

 Sergeant Anthony Caprera testified that he responded to a call of a subject beating a dog with a baseball bat at 6730 Avenue
 
 *686
 
 A. Some construction workers next door directed Caprera to the rear of the property. As he approached the backyard, the defendant made eye contact with him and then said something to the | -¿effect that he had been ordered to get rid of the dog and that was what he was doing. Caprera observed a freshly dug hole in the ground and a dog lying next to it that appeared to have been recently killed. Caprera advised the defendant that he was under arrest and advised him of his rights.
 

 Defendant objected to this testimony on the basis of relevancy noting that as per the bill of information, he was accused of cruelty to a bat, not a dog and suggested that he was not prepared to defend against cruelty to a dog and that he “prepared for trial with regard to a flying mammal.” After hearing argument, the trial court determined that the bat mentioned in the bill of information referred to a bat used as a weapon, not the victim animal. It then allowed the State to amend the bill of information to delete the reference and recessed the case for six days to allow the defendant to prepare.
 

 Trial resumed with the continued testimony of Sergeant Caprera. He stated that the defendant told him that he killed the dog with a maul. He related that Sergeant Eckert recovered a baseball bat as well as an axe. The Crime Lab was called to process the scene, and the SPCA was called because a live dog remained on the property.
 

 Sergeant Caprera further related that Mr. Mumme’s initial statement was that Judge Shea ordered him to get rid of the dogs and that was what he was doing. After being advised of his rights, Sgt. Caprera asked him why he did not just call the SPCA, and Mr. Mumme stated that on a previous occasion the dogs had been removed by the SPCA and that when they were returned they were in poor health.
 

 Ryan Ray testified that on the day in question he was working on the second floor of the house next door. A co-worker drew Ray’s attention to the defendant’s actions after hearing a dog screaming and yelping. When Ray looked out the lawindow, he observed the defendant strike a dog several times with a baseball bat. The dog was screaming and yelping as he was being struck. The defendant then walked off, returned with an axe, struck the dog several times, and then the dog was silent.
 

 Sergeant Doug Eckert testified that he observed an axe and a baseball bat on the scene, which he collected. The items were introduced into evidence at trial. Sergeant Eckert stated that the defendant appeared to be distraught because he was crying and apologetic.
 

 Jennifer Ranero, an investigator with the Louisiana SPCA, testified that when she arrived on the scene she observed a black and tan Chow Shepard mix tied up in the front yard that appeared to be all right. In the back yard she observed blood splatter along the ground from the rear fence to the back door and throughout the back yard. Ranero photographed the scene. The photographs were introduced as evidence.
 

 The trial court found the defendant guilty as charged.
 

 ERRORS PATENT
 

 A
 
 review of the record for errors patent reveals none.
 

 ASSIGNMENT OF ERROR
 

 Mr. Mumme contends that the trial court erred in allowing the State to amend the bill of information to delete the phrase “to wit: a bat” after the first witness was sworn. He contends that a mistrial should have been declared, that his conviction should be set aside, and that the State should be prohibited from trying him again.
 

 
 *687
 
 |,[Be.cause the amendment corrected a defect of form, not a defect of substance, as provided in La.C.Cr.P. art. 487, the trial court correctly allowed the bill to be amended during trial. The evidence does not reflect any prejudice to the defendant in preparing his defense; accordingly, the trial court was well within its discretion to allow the amendment pursuant to La. C.Cr.P. art. 488, rather than declaring a mistrial pursuant to La.C.Cr.P. art. 489.
 

 La. Const.1974, Art. I, § 13 provides that “[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him.” The Louisiana Supreme has stated, “[t]his requirement protects the accused’s right to prepare a defense and exercise fully his rights of confrontation and cross-examination.”
 
 State v. Johnson,
 
 93-0394, p. 3 (La.6/3/94), 637 So.2d 1033, 1035 (citation omitted).
 

 Articles 487 through 489 of The Louisiana Code of Criminal Procedure concern amendments to charging instruments and provide as follows:
 

 Art. 487. A. An indictment that charges an offense to accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection to, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
 

 Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
 

 '!■ * *
 

 Art. 488. When there is a variance between the allegations of an indictment or bill of particulars which |fistate the particulars of the offense, and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance, and then admit the evidence.
 

 Art. 489. If it is shown, on motion of the defendant, that the defendant has been prejudiced to his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy.
 

 The Louisiana Supreme Court explained what is meant in Article 487 by a “defect of substance,” to
 
 City of Baton Rouge v. Norman,
 
 290 So.2d 865 (La.1974):
 

 A ‘defect of substance’ as contemplated by Article 487 of the Code of Criminal Procedure is intended to mean a defect which will work to the prejudice of the party accused. It has the same effect which an error in the citation of the statute or its omission from the indictment has under Article 464. Such an error ‘shall not be ground for dismissal of the indictment or for reversal of a conviction If (sic) the error or omission did not mislead the defendant to his prejudice.’ La.Code Crim. Proc. art. 464.
 

 City of Baton Rouge v. Norman,
 
 290 So.2d at 870.
 

 
 *688
 
 The relevant portion of the bill of information stated that Fabian Mumme:
 

 COMMITTED CRUELTY TO AN ANIMAL, TO WIT: A BAT, BELONGING TO FABIAN MUMME, BY BEATING ANIMAL WITH A BAT CAUSING THE ANIMAL TO BE MAIMED AND INJURED,
 

 During trial, the state amended the bill by striking through the phrase, “TO WIT: A BAT”
 

 1 ^Defendant contends that the bill of information in this case contained a serious error and that any plain reading of the bill gives the apparently unintended result of charging Mr. Mumme with killing “a bat with a bat.” Therefore, defendant contends, the amendment was a substantive amendment and could not have been allowed during trial.
 

 We do not agree. A simple reading of the bill of information indicates to the average reader that the term “bat” had been duplicated unintentionally. At the very least, the average reader should have been alerted to a possible inadvertent duplication and inquired further. Accordingly, the defect in the bill was a “miswriting”, a defect of form only, which could be properly corrected during trial by amending the bill to delete the confusing language pursuant to La.C.Cr.P. art. 487.
 
 [1]
 

 Furthermore, knowing that the defendant had been informed through the testimony offered at the motion hearing that the offense concerned the defendant’s own dog and that the information contained in the police report likewise referenced a dog, and by the photographs of the crime scene depicting the dead dog, we cannot conclude that the defendant suffered any prejudice by the inadvertent duplication of the word “bat.” The trial court, in its discretion, properly allowed the amendment to the bill of information pursuant to La.C.Cr.P. art. 488. The absence of prejudice likewise renders the decision not to declare a mistrial pursuant to La.C.Cr.P. art. 489 a proper exercise of the trial court’s discretion.
 

 17Finally, to the extent that the defendant may have actually believed that the State’s case concerned cruelty to a bat, the lengthy recess cured any prejudice.
 

 In urging this perceived error defendant likens the current amendment to the amendments which occurred in
 
 State v. Johnson, supra,
 
 and
 
 State v. Wheeler,
 
 95-1628 (La.App. 4 Cir. 12/14/95), 665 So.2d 1286. In both
 
 Johnson
 
 and
 
 Wheeler,
 
 the amendments had the substantive effect of charging a new offense, which is clearly prohibited. In
 
 Wheeler,
 
 the bill charged the defendant with failing to yield the right of way, a violation of La. R.S. 32:122, and the State amended the bill to charge the defendant with improper lane usage, a violation of La. R.S. 32:79. The amendment at issue did not have the effect of charging the defendant with a new offense.
 

 Defendant’s assignment of error is without merit.
 

 CONCLUSION:
 

 For the reasons stated we affirm the defendant’s conviction and sentence.
 

 AFFIRMED.
 

 [1]
 

 . It was not necessary to identify the type of animal in charging the crime, only that the crime involved cruelly to an animal. See La.C.Cr.P. art. 464 ("The indictment shall be a plain, concise statement of the essential facts constituting the offense charged.”) Further information regarding the nature and cause of the charge could have been set out more specifically in response to a motion by the defendant for bill of particulars pursuant to La.C.Cr.P. art 484.