982 So.2d 848 (2008)
STATE of Louisiana
v.
Ricardo C. STEVENSON.
No. 07-KA-690.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*849 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
In this criminal appeal, defendant Ricardo C. Stevenson assigns as error the trial judge's failure to grant him a judgment of acquittal on Count 2 of the bill of information charging him with theft of goods valued at greater than $100 but less than $500, a violation of La.R.S. 14:67.10.[1] The defendant was charged by a two-count bill of information. Count 1 charged the defendant with a violation of La.R.S. 14:95.1, felon in possession of a firearm. The defendant waived his right to a jury. The trial judge found the defendant guilty as charged of violating R.S. 14:95.1. After the defendant waived sentencing delays, the trial judge sentenced him to 10 years at hard labor without benefit of probation, parole, or suspension of sentence. Thereafter, the defendant entered a guilty plea to the theft charge. The trial judge accepted the plea and imposed the negotiated sentence of two years at hard labor to run concurrently with any other sentence.[2] For the following reasons, we affirm the convictions and sentences. We remand with instructions.
Facts
On February 18, 2005, Officer Don McCoy, a Gretna Police Officer, investigated an incident that involved Mr. Isadore Willis. Mr. Willis reported that Mr. Stevenson threatened him while holding a gun.
Mr. Willis, a Gretna Police Officer, and his daughter, Jamal Robinson, testified that on that date, they were talking outside Ms. Robinson's residence when a van pulled over and parked in front of Ms. Robinson's house. They identified Mr. Stevenson as one of the occupants in the vehicle. According to Mr. Willis and Ms. Robinson, Mr. Stevenson had a gun in his hand when he approached Mr. Willis and threatened him. Ms. Robinson testified that she pleaded with Mr. Stevenson not to shoot her father.
Mr. Willis testified that Mr. Stevenson was two to three feet from him when Mr. Stevenson waved the gun. Mr. Stevenson was upset over his cousin's murder. He felt that Mr. Willis knew something about the murder. Mr. Willis testified that he saw Mr. Stevenson earlier that day at the *850 Gretna Police Station. Mr. Stevenson had to be removed because he was saying he wanted to kill someone over his cousin's death.
Mr. Stevenson, however, testified differently. He admitted that he had approached Mr. Willis while Ms. Robinson was present and questioned Mr. Willis about the murder. But he denied threatening Mr. Willis and he denied having a gun. He also denied being at the police station earlier that day. He stated it was his younger brother who was there.
Mr. Stevenson admitted he had previous convictions, including the one alleged in the bill of informationpossession of heroin.
The parties stipulated to State's Exhibit No. 1, a certified copy of Mr. Stevenson's conviction for possession of heroin[3] in case number 00-578,[4] alleged in the bill of information.
The trial judge found that the state had proven beyond a reasonable doubt that Mr. Stevenson possessed a firearm, having been previously convicted of possession of heroin. He explained that he reached his conclusion after particularly considering the testimony of Mr. Willis and Ms. Robinson.
Later, the trial judge accepted Mr. Stevenson's guilty plea to Count 2 of the bill of informationtheft of goods valued at greater than $100, but less than $500 from Rite Aid, a violation of La.R.S. 14:67.10 occurring on July 4, 2005.
Multi-Count Bill of Information
The defendant was charged by a multi-count bill of information. At trial, after the state rested, defense counsel stated that trial had proceeded on both counts without a severance and the state failed to present any evidence on the theft count. Therefore, counsel moved for a "directed verdict" on the theft count. The trial judge treated the motion as a motion for acquittal. See: La.C.Cr.P. art. 778.[5] He denied the motion and concluded that the defendant was put on notice that the state was only going forward on Count 1. The defendant asserts the trial judge erred in failing to acquit him. And he contends the state should have moved to sever the improperly joined offenses. He asserts that since there was no evidence to support a conviction of theft, the trial court did not have the authority to allow the state to further prosecute the theft charge.
On the other hand, the state primarily argues that the defendant waived his right to challenge the ruling when he entered an unconditional guilty plea to the theft charge.
Although not specifically referring to double jeopardy as a bar to further prosecution, the defendant's argument that the trial court lacked authority to allow further prosecution essentially challenges the court's jurisdiction to accept the guilty plea on the basis that the defendant had *851 been previously tried for that offense with insufficient evidence.
The Double Jeopardy Clause protects defendants from being punished or prosecuted twice for the same offense. U.S. Const. amend. V; La. Const. art. I, § 15; La.C.Cr.P. art. 591. The Fifth Amendment clearly protects against a second prosecution on the identical charge after acquittal. State v. Baskin, 301 So.2d 313, 316 (La.1974).
The Louisiana Supreme Court in State v. Arnold, 01-1399 (La.4/12/02), 816 So.2d 289, 290 (per curiam) reaffirmed that in general, guilty pleas constitute a waiver of all non-jurisdictional defects. The court, however, recognized that "[t]hough the Supreme Court and this Court have created an exception to this rule for double jeopardy violations . . . that exception applies only "`where on the face of the record the court had no power to enter the conviction or impose the sentence.'" Id., citing United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 765, 102 L.Ed.2d 927. This exception "requires limited review of only the charging documents and plea colloquy." Id., (citation omitted).
In light of State v. Arnold, a limited review of only the charging documents and plea colloquy does not reveal a double jeopardy violation.
Even assuming that the defendant has not waived his claim to double jeopardy, his argument must fail. Regardless of the alleged insufficiency of the evidence at the first trial, the defendant has no valid double jeopardy claim. It is clear that jeopardy only attaches in a bench trial when the first witness is called. La. C.Cr.P. art. 592. For the reasons that follow, we find no double jeopardy bar to prosecution of the theft charge after trial on the firearm charge. Jeopardy did not attach because the two counts were effectively severed and trial only proceeded as to the firearm charge.
The Louisiana Criminal Code allows the joinder of multiple offenses under certain circumstances; it also allows for severance when either the state or the defendant would be prejudiced.
La.C.Cr.P. art. 493 permits the state to join offenses that are "of the same or similar character" or "are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan," provided that all offenses are triable by the same mode of trial. But felony offenses that are not triable by the same mode of trial may still be charged in the same indictment under the conditions specified in La.C.Cr.P. art. 493.2: "[O]ffenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Cases joined under Article 493.2 "shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict."
Here, these offenses are not triable by the same mode of trial. The firearm charge, R.S. 14:95.1(B), mandates imprisonment at hard labor. On the other hand, the theft charge, R.S.14:67.10 provides for imprisonment "with or without hard labor." Thus, the firearm charge requires a jury of twelve members, ten of whom must concur, whereas the theft charge requires a jury of six members, all of whom must concur. La.C.Cr.P. art. 782(A). Therefore, in order to properly join these offenses, the requirements of Article 493.2 *852 must be met. It is questionable whether these requirements were met. The two offenses are not of the same or similar character, nor do they appear to be based on the same act or transaction. They do not appear to be based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Moreover, the alleged incidents occurred more than three months apart; the theft offense unlike the firearm offense involved a codefendant; and, the theft offense allegedly occurred at a "Rite Aid."
"The objections of misjoinder of defendants or misjoinder of offenses may be urged only by a motion to quash the indictment." La.C.Cr.P. art. 495. The defendant did not file a motion to quash the indictment on the basis of misjoinder of offenses, as required by statute. Additionally, by entering an unqualified guilty plea to the theft charge, the defendant waived review of this non-jurisdictional pre-plea defect as to the theft charge. See: State v. Crosby, 338 So.2d 584 (La.1976). Thus, the defendant waived the misjoinder of offenses. State v. Collins, 04-255 (La.App. 5 Cir. 10/12/04), 886 So.2d 1149, 1152, n. 2, writ denied, 04-2798 (La.3/11/05), 896 So.2d 62.
However, La.C.Cr.P. art. 495.1 provides for severance when joinder would be prejudicial. The article states:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
It is undisputed that neither the state nor the defendant filed a formal motion to sever the offenses.
At trial, the prosecutor responded to the defendant's motion for acquittal. He informed the court that he and counsel had discussed the matter numerous times. These discussions included the fact that the defendant would waive the jury as to the firearm charge. The indication between counsel and the prosecutor was that the only matter before the court was the firearm charge. This was the reason the state did not present any evidence on the theft charge.
Defense counsel stated he understood they were going forward with the firearm charge but the state failed to properly sever the charges before trial.
The trial judge stated he did not recall any statements on the record that the counts were being severed. However, he remembered the prosecutor's opening statement, which only referred to the firearm charge. Thus, he found that the defendant was put on notice that the state was only going forward on Count 1. As such, he denied the motion.
During opening statements, the prosecutor only referred to the firearm count. At the beginning of his opening statement, the prosecutor stated: "The case this morning, Mr. Stevenson, is charged with a convicted felon in possession of a firearm." The prosecutor concluded its opening statement by saying "[t]hat is the basis for the State's case, that he was in possession, he was a felon in possession of a firearm."
In this case, the record is clear that the state only prosecuted the firearm count at trial. As a practical matter, the parties' understanding that trial would proceed on the firearm charge alone had the same procedural and substantive effect as a formal motion to sever. We hold, therefore, that irrespective of whether the defendant or the state formally moved for severance, the circumstances here are tantamount to a severance. Compare, State v. Deal, 607 *853 So.2d 641, 645 (La.App. 3 Cir.1992), writ denied, 612 So.2d 65 (La.1993) ("It is this court's belief that the State was actually seeking a severance by proceeding to trial on only one count."). Therefore, the trial judge did not err in denying the motion.
Error Patent
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note one error patent requiring corrective action.
The trial judge imposed an illegal sentence on the firearm conviction, R.S. 14:95.1(B). That section provides: "Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars." The trial judge failed to impose the mandatory fine. Thus, the defendant's sentence is illegally lenient. This issue was not raised by the state in the trial court or on appeal. We decline to correct the illegally lenient sentence. State v. Paul, 05-612 (La.App. 5 Cir. 2/14/06), 924 So.2d 345, 357 (citation omitted).
On the other hand, we find the following error patent that requires corrective action.
There are two discrepancies between the transcript and the minute entry/commitment. When there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983).
First, the transcript shows that the defendant pleaded guilty as charged to theft of goods greater than $100 but less than $500[6], while the minute entry/commitment indicates the defendant pleaded guilty to theft of goods valued at "$300+." Thus, the commitment/minute entry does not reflect the proper grade of the offense. Compare, State v. Ramsdell, 06-644 (La. App. 5 Cir. 12/27/06), 949 So.2d 508, 513. Therefore, the district court is directed to make an entry in the minutes/commitment reflecting the proper grade of the offense, i.e. theft of goods valued at $100 or more but less than a value of $500.
Second, we note that while the transcript reveals the trial judge imposed a two-year hard labor sentence for the theft of goods conviction, the minute entry/commitment does not indicate that this sentence is to be served at hard labor. The minute entry/commitment correctly reflects that the sentences on the two counts run concurrently. However, only the 10-year sentence for the felon in possession of a firearm conviction is designated as being at hard labor. R.S. 14:67.10(B)(2) provides that the theft of goods sentence shall be "with or without hard labor." In this case, the trial judge imposed a two-year hard labor sentence. The district court is directed to make an entry in the minutes/commitment reflecting the proper sentence for the offense, i.e. theft of goods greater than $100 but less than $500 to be a two-year hard labor sentence.
The clerk of court is directed to transmit the original of the corrected minute entry/commitment *854 to the officer in charge of the institution to which the defendant has been committed. See: State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).

DECREE
Accordingly, it is ordered that Mr. Stevenson's convictions and sentences are affirmed. We further order that this case be remanded to allow the trial court to amend the minute entry/commitment as directed above.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS.
DALEY J., dissents with reasons.
DALEY J., dissents with reasons:
I respectfully dissent from the portion of the majority opinion, which affirmed the conviction and sentence on the theft charge. I find that double jeopardy bars the prosecution of the theft charge after a trial based on a Bill of Information, which included a count of theft. The Louisiana Code of Criminal Procedure requires that a defendant be formally charged by Indictment or Bill and requires that defendant be advised of the essential facts constituting the offense or offenses charged. La. C.Cr.P. art. 464. The majority opinion suggests that the State can or the court can informally severance courts from the Bill of Information. La.C.Cr.P. art. 495.1 provides that if the defendant or the State is prejudiced by a joinder of offenses in a Bill of Information, "the court may order separate trials, grant a severance of offenses or provide whatever other relief justice requires." The State and the defendant both are bound by the Bill of Information or Indictment and absent an amendment or Motion to Sever the State is obligated to proceed with the Bill of Information as filed. Double Jeopardy attaches in a bench trial "when the first witness is sworn at the trial on the merits." La.C.Cr.P. art. 592. If the State fails to meet its burden at trial, the defendant cannot be retried for the offenses for which the defendant has been charged and has been placed in jeopardy.
The majority opinion's reliance on State v. Deal, 607 So.2d 641 (La.App. 3 Cir.1992) is misplaced. In Deal, the State billed the defendant on a two count Bill of Information. The State, prior to trial, announced that it would try the defendant on only one of the two counts. The defendant objected. The State did not attempt to proceed with the second count, but dismissed the second count. In the case at bar, the State could have null processed the theft count against Mr. Stevenson, or severed the count by asking for separate trials. The State did neither and proceeded to trial based on the Bill of Information. The State was obligated to present evidence to support a conviction on the bill as presented. Since no evidence was presented, the trial court should have granted the Motion for Acquittal on the theft charge.
NOTES
[1] Tema T. Knox was a codefendant in Count 2. This appeal, however, only concerns Mr. Stevenson.
[2] The defendant also entered pleas to two offenses charged in a separate bill of information.
[3] This is a violation of La.R.S. 40:966(C), a felony.
[4] The transcript references the case number as 00-5788, but the bill of information and the Exhibit both refer to the case number as 00-578.
[5] La.C.Cr.P. art. 778 provides:

In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denies a defendant's motion for a judgment of acquittal at the close of the state's case, the defendant may offer its evidence in defense.
[6] R.S. 14:67.10(B)(2) provides for sentencing based on the grade of the offense. The applicable statute is the pre-2006 version. Before 2006, the pertinent grade was "a value of one hundred dollars or more, but less than a value of five hundred dollars." Effective August 15, 2006, the statute was amended by 2006 La. Acts, No. 143 § 1. Paragraph (B)(2) increased the lower value from $100 to $300.