998 So.2d 692 (2009)
STATE of Louisiana
v.
Ricardo C. STEVENSON.
No. 2008-KO-0885.
Supreme Court of Louisiana.
January 16, 2009.
*693 PER CURIAM.
Defendant seeks supervisory review of the decision by the Fifth Circuit Court of Appeal affirming his convictions and sentences for violations of La.R.S. 14:95.1, felon in possession of a firearm, and La. R.S. 14:67.10, theft of goods valued at more than $100 but less than $500. State v. Stevenson, 07-0690 (La.App. 5th Cir.3/11/08), 982 So.2d 848 (Daley, J., dissenting). The state had charged the crimes in a single bill of information but secured the convictions by different means: the trial court found defendant guilty of the firearm violation after a bench trial; thereafter, as part of a single proceeding, defendant entered a guilty plea on the theft count. On the basis of the state's mid-trial explanation that it had elected to proceed on the firearm count only, a majority on the court of appeal panel rejected defendant's argument that the trial court lacked authority to accept his guilty plea to the theft offense because the state had failed to present any evidence in support of that charge at trial after jeopardy attached, and had failed to amend the bill of information or to dismiss the theft count. However, we agree with Judge Daley that the state had to make a formal restructuring of its prosecution against defendant on the record before trial began and that its failure to do so precluded renewed prosecution of the theft charge following trial on the original, unamended bill of information. We therefore grant the application in part, vacate defendant's conviction and sentence for theft, but affirm his conviction and sentence for the firearm violation.
Although charged together in a single bill of information, the two offenses involved entirely separate incidents, one in which defendant threatened his neighbor with a gun, and the other in which defendant allegedly stole merchandise from a drug store. The two incidents occurred approximately five months apart and were not properly joined by the state under La.C.Cr.P. art. 493.2, which permits the joinder of two or more offenses triable by different modes of trial if they are of the same or similar character, or if they form part of the same criminal transaction. Nonetheless, the defense did not object to the misjoinder before trial. See La. C.Cr.P. art. 495 (objection to misjoinder of offenses "may be urged only by a motion to quash the indictment.").
On the morning of trial, after defendant waived his right to a trial by jury, the state outlined for the court what it intended to prove with respect to the firearm count. The state made no mention of the theft charge. At the close of the state's case, which presented evidence only with respect to the firearm count, defense counsel moved for a directed verdict of acquittal on the theft charge because the state had failed to present any evidence as to that offense. La.C.Cr.P. art. 778 ("In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction."). The prosecutor responded that before trial "defense counsel and myself had discussed numerous times [] the fact that he was going to be waiving a jury and going to trial in front of the court on the crime of convicted felon possessing a firearm." He further indicated that there had been "no discussion whatsoever regarding the second count . . . . as to *694 whether or not that would be tried today." In fact, the prosecutor observed, "all indications were, between the two of us, that the only matter that was before the court today was the convicted felon in possession of a firearm." Defense counsel readily acknowledged his understanding that the state was going forward with the firearm charge but he also pointed out that the state had failed to "properly sever the charges before they went to trial." The trial judge conceded that he did not "recall on the record any statements that counts one and two were being severed." However, the court also recalled that the prosecutor's opening remarks had addressed only the firearm count and that defendant had therefore been "put on notice that the state was only going forward on count one." Accordingly, the trial court denied the motion for acquittal.
After the defense rested, the court found defendant guilty as charged of the firearm violation and sentenced him to a term of 10 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Immediately thereafter, defendant entered an unconditional plea of guilty as charged to the theft offense. The trial court imposed a sentence of two years imprisonment at hard labor to run concurrently with any other sentence.
On appeal, defendant argued that the trial judge erred in denying the motion for a directed verdict of acquittal and therefore lacked the authority to accept his subsequent guilty plea on the theft count. The Fifth Circuit rejected the argument because "[a]s a practical matter, the parties' understanding that trial would proceed on the firearm charge alone had the same procedural and substantive effect as a formal motion to sever." Stevenson, 07-0690 at 8, 982 So.2d at 852. The majority thus found that "irrespective of whether the defendant or the state formally moved for severance, the circumstances here are tantamount to a severance. . . . Therefore, the trial judge did not err in denying the motion." Id., 07-0690 at 8-9, 982 So.2d at 852-53 (citing State v. Deal, 607 So.2d 641 (La.App. 3rd Cir.1992), writ denied 612 So.2d 65 (La.1993)). The majority affirmed both convictions and sentences but ordered the case remanded to the district court to conform the minutes in certain respects with the transcribed proceedings in the record. Stevenson, 07-0690 at 10-11, 982 So.2d at 853-54.
Judge Daley dissented on grounds that the state and defendant are both "bound by the Bill of Information or Indictment and absent an amendment or Motion to Sever the State is obligated to proceed with the Bill of Information as filed." Stevenson, 07-0690 at 1, 982 So.2d at 854 (Daley, J., dissenting). In the present case, because the state did not announce on the record before the beginning of trial that it would proceed on only the first count and then dismiss the second count or amend the bill of information accordingly, Judge Daley concluded that "[t]he State was obligated to present evidence to support a conviction on the bill as presented" and that when it failed to do so, "the trial court should have granted the Motion for Acquittal on the theft charge." Id. at 2, 982 So.2d at 854.
The majority and dissenting opinions below touch upon an anomaly in Louisiana law. Although the practice is not uncommon in Louisiana, see, e.g., State v. Francois, 05-1385, pp. 3-4 (La.App. 3rd Cir.4/5/06), 926 So.2d 744, 748, writ denied, 06-1048 (La.1/12/07), 948 So.2d 138; State v. Hypolite, 04-1658, pp. 1-3 (La. App. 3rd Cir.6/1/05), 903 So.2d 1275, 1277-78, writ denied, 06-0618 (La.9/22/06), 937 So.2d 381, the Code of Criminal Procedure provides no specific mechanism by which *695 the state may elect to proceed on only one or more of several counts charged against a defendant in a single indictment or bill of information. In fact, the Code of Criminal Procedure specifically provides that in cases in which the state has joined counts of theft and receiving stolen things in a single proceeding, the trier of fact may convict a defendant of either offense but the district attorney "shall not be required to elect between the two offenses charged." La.C.Cr.P. art. 482(A) (emphasis added). The same rule applies in cases in which the state has joined counts of manslaughter and abortion in a single proceeding. La.C.Cr.P. art. 482(B).
The lack of any specific procedural mechanism led the Fifth Circuit majority in the present case, and the Third Circuit in Deal, upon which the majority relied, to conclude that an election by the state to try only one count among others charged in a single bill of information is tantamount to a motion for a severance as a matter of La.C.Cr.P. art. 495.1, although the state may not make a formal motion to sever the counts and may not be able to satisfy the requisite showing of prejudice. See Deal, 607 So.2d at 645. We do not necessarily subscribe to that view because other procedural mechanisms exist for accomplishing the same result. The state may file an amending and superceding bill of information alleging only the count(s) that it intends to bring to trial, in effect severing the counts without formal motion, a showing of prejudice, or court approval, just as it may file a superceding bill consolidating offenses it has initially charged separately. Cf. State v. Crochet, 05-0123, p. 5 (La.6/23/06), 931 So.2d 1083, 1086 ("Assuming that the crimes are otherwise properly joined in a single prosecution as a matter of La.C.Cr.P. art. 493 or 493.2, the state may effect consolidation without the approval of the defendant or the court by filing a superceding indictment."). The state may also dismiss one or more counts in an indictment, "and in order to exercise that power it is not necessary that [it] obtain the consent of the court." La. C.Cr.P. art. 691. If it occurs before trial, the dismissal is generally without prejudice to a subsequent prosecution. La. C.Cr.P. art. 693. The only limit on the state's plenary power of dismissal before the beginning of trial is that it must do so on oral motion in open court, or by written motion, and in either case, the clerk of court "shall cause the dismissal to be entered on the minutes of the court." La. C.Cr.P. art. 691. Finally, as in Deal, the prosecutor may clearly and unequivocally state on the record before trial begins that he has elected to place defendant in jeopardy on only one of several counts, thereby withholding the remaining counts from consideration by the factfinder at the outset, and then dispose of those counts after trial.
In all of these instances, and by whatever means the state uses to accomplish the result, the record will affirmatively disclose that the state restructured its prosecution before the beginning of trial. However, after trial begins and the defendant has been placed in jeopardy, the state's plenary charging powers as a matter of La.C.Cr.P. art. 61 are sharply curtailed by La.C.Cr.P. art. 693(1), which provides that "[a] dismissal entered without the defendant's consent after the first witness is sworn at the trial on the merits, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed." This article incorporates a fundamental rule required by the Double Jeopardy Clauses of the federal and state constitutions to protect "the valued right of a defendant to have his trial completed by the particular tribunal summoned to sit in judgment on him." (Downum v. United States, 372 U.S. 734, 736, 83 S.Ct. *696 1033, 1034, 10 L.Ed.2d 100 (1963)); cf. La.C.Cr.P. art. 693(1) Off'l Cmt. ("The exception in Clause (1) is dictated by principles of double jeopardy. . . . Once jeopardy has attached, the district attorney may not properly dismiss the prosecution over the objection of the accused.") (citation omitted). The state therefore may not avoid the consequences of beginning trial without sufficient evidence to convict by the simple expedient of dismissing the charge and causing an end to the proceedings short of a verdict of acquittal. Cf. State v. Christy, 593 So.2d 1322, 1328, n. 1 (La. App. 1st Cir.1991)("[W]e do not approve of the practice of dismissing one or more counts of a multi-count prosecution during the trial when that charge (or those charges) could have been dismissed prior to trial. . . . [W]here a piece of evidence is missing or a witness cannot be located . . . the State should move to sever that particular count before trial. Such a practice would avoid the problems presented herein, as well as provide the possibility of a future prosecution on that particular count if the missing piece of evidence or witness were located, since jeopardy would not have attached to a count dismissed prior to trial.")(citing La.C.Cr.P. art. 693(1)).
In the present case, we agree with Judge Daley that while the state intended to try only the firearm count and provided notice of its decision to the defense, it did not, in fact, formally restructure the prosecution before trial began but placed defendant in jeopardy on the original, unamended two-count bill of information when it called its first witness to the stand. La. C.Cr.P. art. 592 ("When a defendant pleads not guilty, and is tried without a jury, jeopardy begins when the first witness is sworn at the trial on the merits."); cf. Serfass v. United States, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975)(same). The formal restructuring of the case occurred only at the close of the evidentiary portion of the state's case, when defense counsel made his motion for a directed verdict of acquittal and the prosecutor then stated for the first time on the record that he had elected before to proceed only on the firearm count. However, the prosecutor's remarks, in effect withdrawing the theft charge from consideration by the fact finder, were tantamount to a mid-trial dismissal of the theft count in response to defendant's motion for an acquittal of that charge on grounds that the state had failed to present any evidence in support of a conviction. As a matter of La.C.Cr.P. art. 693(1), restructuring of the case at that point, over defendant's objection by way of his motion for an acquittal, came too late to save prosecution of the theft charge.
Defendant therefore argued correctly in the court of appeal that the trial court lacked the authority to accept his guilty plea to the theft charge entered immediately after he was sentenced on the firearm conviction. Although an unconditional guilty plea ordinarily waives all non-jurisdictional defects, the plea does not waive a double jeopardy violation apparent from a review of the existing record which, in the present case, encompasses the bench trial conducted immediately before the plea colloquy, forming with it a single proceeding subject to direct review by an appellate court of defendant's non-final convictions. State v. Crosby, 338 So.2d 584, 588 (La. 1976); cf. United States v. Broce, 488 U.S. 563, 575-76, 109 S.Ct. 757, 765-66, 102 L.Ed.2d 927 (1989)(guilty plea waives a double jeopardy claim on collateral attack of a final conviction unless the violation is apparent on the face of the record). In the present case, the plea colloquy reveals that defendant tendered a guilty plea to the second count of the bill of information which charged that on July 4, 2005, he violated La.R.S. 14:67.10 by committing *697 theft of goods valued at more than $100 but less than $500 from Rite Aid. Thereafter, the trial court read that count of the bill to defendant to make sure he understood the nature of the charge to which he was pleading guilty. Thus, the record clearly reveals that a double jeopardy violation occurred when the state renewed prosecution of defendant for a crime as to which he had been acquitted by virtue of the previous mid-trial dismissal of that count in response to the motion for a directed verdict of acquittal.
Accordingly, defendant's conviction and sentence for felony theft in violation of La.R.S. 14:67.10 are vacated. His conviction and sentence for the firearm offense in violation of La.R.S. 14:95.1 are affirmed. In view of our disposition of the theft charge, the trial court need not conform the minutes to the transcript of the proceedings relative to that count as directed by the court of appeal in its opinion.
CONVICTION AND SENTENCE FOR THEFT VACATED; CONVICTION AND SENTENCE FOR FELON IN POSSESSION OF A FIREARM AFFIRMED; CASE REMANDED.