NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-802

STATE OF LOUISIANA

VERSUS

ROBERT H. MILLER, III

A/K/A ROBERT MILLER, III

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-K-0976-C
HONORABLE LEDRICKA JOHNSON THIERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHARON DARVILLE WILSON
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

AFFIRMED.

**Jason W. Robideaux**
**Attorney At Law**
**113 W. Convent St.**
**Lafayette, LA 70501**
**(337) 443-9262**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Robert H. Miller, III**

**Honorable Chad Patrick Pitre, District Attorney**
**Kathleen E. Ryan, Assistant District Attorney**
**27th Judicial District**
**P.O. Box 1968**
**Opelousas, LA 70571**
**(337) 948-0551**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**WILSON, Judge.**

A grand jury indicted Defendant, Robert H. Miller, III, for second degree murder, a violation of La.R.S. 14:30.1. After a mistrial, the state filed an amended bill of information charging Mr. Miller with manslaughter, a violation of La.R.S. 14:31. Mr. Miller filed a motion to quash, alleging double jeopardy due to the manner in which the bill was amended. The motion was denied, and Mr. Miller's writ challenging the denial was denied by this court. A second motion to quash was also denied. A trial on the amended charge of manslaughter took place, and the jury returned a responsive verdict of negligent homicide. The trial court sentenced Mr. Miller to five years at hard labor. Mr. Miller now appeals his conviction and sentence. For the reasons expressed below, we affirm the conviction and sentence.

I.

## ISSUES

In this appeal we must decide:

(1)   whether the district court's denial of defendant's Motion to Quash erroneously allowed the state to substantively amend and/or dismiss an indictment for 2nd degree murder after jeopardy had attached; and

(2)   whether the district court's denial of defendant's Motion to Quash erroneously allowed the state to dismiss the original charge of 2nd degree murder after jeopardy had attached, and thereafter prosecute Robert Miller on the responsive verdict of manslaughter and negligent homicide.

## II.

## FACTS AND PROCEDURAL HISTORY

On February 24, 2013, EMTs and police officers responded to a call in St. Landry Parish. Once they arrived on the scene, they found nineteen-month-old V.L. in cardiac distress and heavily bruised. At the time. Mr. Miller was living together with V.L., and the child's mother. V.L. later died at an area hospital.

On April 25, 2013, Mr. Miller was indicted by a grand jury for second degree murder. The case was assigned docket number 13-K-0976-C. A jury began hearing evidence on July 25, 2015, but the trial court declared a mistrial on July 30, 2015. On March 28, 2016, the state filed an amended bill of information charging Mr. Miller with manslaughter. On March 30, 2016, the state specified the charge was manslaughter of a juvenile under ten. The amended bill was number 13-634BX at the top, but underneath the district attorney's signature line, it stated it was an amended bill and showed the original docket number. The pertinent court minutes also carry the original docket number. The court and the parties addressed various motions in anticipation of the second trial. On March 28, 2019, the court stayed proceedings, pending the decision in *Ramos v. Louisiana* addressing jury unanimity. The case was further delayed due the Covid-19 pandemic.

On May 13, 2020, Mr. Miller filed a motion to quash, alleging double jeopardy. Mr. Miller specifically argued that the amended bill resulted in a dismissal of the original indictment, therefore terminating jeopardy. The trial court held a hearing on August 20, 2020, and the state filed a written objection to the motion to quash on November 23, 2020. In a written judgment, the trial court denied the motion to quash on December 30, 2020.

Mr. Miller sought relief from this court, which denied the writ on May 20, 2021. *State v. Miller*, 21-115 (La.App. 3 Cir. 5/20/21) (unpublished opinion). In July of 2021, Mr. Miller filed a second motion to quash, based on a premise similar to the first motion. Trial for the amended charge of manslaughter began in July of 2022. On August 2, 2022, the jury returned a responsive verdict of negligent homicide. On September 15, 2022, the trial court sentenced Mr. Miller to five years at hard labor. Mr. Miller now appeals.

III.

## LAW AND DISCUSSION

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

## AMENDED BILL AND DOUBLE JEOPARDY

In his first assignment of error, Mr. Miller argues that the trial court erred by denying his motion to quash, thus allowing the state to "amend and/or dismiss" the original indictment for second degree murder after jeopardy had attached. Mr. Miller begins his argument by acknowledging that the state has broad authority to amend a charging instrument before trial begins, but he notes that said authority ends with the commencement of trial. This principle is housed in La.Code Crim.P. art. 487, which states, in pertinent part:

> A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect,

3

imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.

Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.

In support of his argument that the state should not have been allowed to "amend and/or dismiss" the original indictment, Mr. Miller cites *State v. Ruffin,* 117 La. 357, 41 So. 647 (La. 1906). However, *Ruffin* merely stands for the basic proposition that Mr. Miller has already acknowledged, i.e., that the state has the authority to amend charging instruments before trial:

> [A]s to the substitution of an indictment for murder to the information for manslaughter. There is nothing to it. It is well settled that until jeopardy has begun the district attorney may at any time nolle prosequi the information or indictment, and begin over again. *State v. Hornsby*, 8 Rob. 589, 41 Am. Dec. 314. And it is elementary that the pendency of an indictment of information does not constitute jeopardy.

*Id*. at 648.

Mr. Miller then cites to *State v. Johnson*, 637 So.2d 1033, 1035 (La. 1994), which states "the state may not substantively amend a bill of information to charge a new offense once trial has begun. La.C.Cr.P. art. 487." The reasoning behind this prohibition is because,

> La. Const.1974, Art. I, § 13 provides that "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." This requirement protects the accused's right to prepare a defense and exercise fully his rights of confrontation and cross-examination. *State v. Germain*, 433 So.2d 110 (La.1983). The bill of information must therefore inform the defendant of the nature and cause of the accusation

4

> against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. *State v. Marcal*, 388 So.2d 656 (La.1980); *State v. Meunier*, 354 So.2d 535 (La.1978).

*Id.* at 1034-35. Mr. Miller contends that the state was barred from amending the charge because the first trial had already begun. That trial, however, resulted in a mistrial which is the very remedy provided in La.Code Crim.P. art. 487 for a substantive defect found in the indictment after start of trial. Consequently, Mr. Miller was to receive a new trial. The charge was amended prior to the commencement of the new trial.

Even if the amendment had occurred following the start of trial, this court has previously addressed a similar situation in *State v. Offord*, 95-290 (La.App. 3 Cir. 10/4/95); 663 So.2d 296. In that case, the state amended the indictment from first degree murder to second degree murder after jury selection was completed. The defendant argued that the amended indictment constituted a defect of substance. The court noted,

> A "defect of substance" is a defect that prejudices the defendant. *State v. Harris*, 478 So.2d 229 (La.App. 3 Cir.1985), *writ denied*, 481 So.2d 1331 (La.1986). The purpose of requiring the state to file an amendment to the indictment before trial is to provide the defendant with adequate notice of the crime for which he is charged so that he can properly prepare his defense. *State v. Young*, 615 So.2d 948 (La.App. 1 Cir.), *writ denied*, 620 So.2d 873 (La.1993). Thus, a defendant suffers no prejudice when the indictment against him is amended from first degree to second degree murder, because all elements of the lesser offense, second degree murder, are included within the greater offense, first degree murder, and therefore defendant cannot claim that he lacks notice of the crime with which he is charged. *Id.* Further, defendant and his counsel were obviously aware that he was to be tried for murdering Johann Ledet on the night of May 23, 1993. Thus, he suffered no prejudice from the amended indictment, and therefore the indictment does not suffer

from a defect of substance. This assignment of error lacks merit.

*Id*. at 299. The state in this case undoubtedly had the authority to amend the indictment to the lesser charge.

Lastly, Mr. Miller cites *State v. Stevenson*, 08-885, (La. 1/16/09), 998 So.2d 692 (per curiam) in support of his argument. In *Stevenson*, the defendant was charged in the same bill of information with theft and possession of a firearm by a convicted felon. The state proceeded to bench trial under the two-count bill of information, but only presented evidence with regards to the firearm charge, not the theft. When Defendant moved for a directed verdict of acquittal, the state responded that they had previously indicated that they were only trying the firearm charge. The trial judge held that although the theft charge was never formally severed, the defense was put on notice that the state was only proceeding on the firearm charge and denied the motion for acquittal. The defendant was convicted on the firearm charge and sentenced. Immediately thereafter, he entered a guilty plea to the theft charge and received an additional sentence. On appeal, the defendant argued that the trial judge erred in denying the motion and lacked the authority to accept his subsequent guilty plea on the theft count. The Fifth Circuit rejected the argument, finding that the parties understanding that the trial would proceed on the firearm charge alone had the same effect as a formal motion to sever.

The Louisiana Supreme Court held,

> The formal restructuring of the case occurred only at the close of the evidentiary portion of the state's case, when defense counsel made his motion for a directed verdict of acquittal and the prosecutor then stated for the first time on the record that he had elected before to proceed only on the firearm count. However, the prosecutor's remarks, in effect withdrawing the theft charge from consideration by

6

> the fact finder, were tantamount to a mid-trial dismissal of the theft count in response to defendant's motion for an acquittal of that charge on grounds that the state had failed to present any evidence in support of a conviction. As a matter of La.C.Cr.P. art. 693(1), restructuring of the case at that point, over defendant's objection by way of his motion for an acquittal, came too late to save prosecution of the theft charge.

*Id*. at 696.

This case sheds little light on the current case because in *Stevenson* there was clear dismissal of the charge. The prosecution did not amend the theft charge to a lesser charge, but rather declined to try the defendant on the charge altogether. The defendant clearly faced double jeopardy when the theft charge against him was renewed after a dismissal. Prior to the dismissal, he had faced jeopardy for theft; thus, the renewed charge amounted to double jeopardy. The same cannot be said in the instant case. *Stevenson* stands for the proposition that the prosecution may not *dismiss* a charge mid trial without terminating jeopardy as to that charge. It says nothing about *amending* a charge to a responsive verdict of said charge after a mistrial has been declared, but prior to the commencement of retrial.

As the trial court observed and the state now argues, an intrinsic aspect of Mr. Miller's argument is that the state's amendment of the charging instrument was effectively a dismissal of the original charge. This is the same argument that Mr. Miller presented to this court in the 2021 writ which we denied. In that case, this court ruled, in pertinent part:

> With regard to Defendant's remaining arguments that jeopardy attached when the initial trial commenced and the State's amendment of the charges following mistrial constituted a dismissal of the original charge, this court finds no support for Defendant's argument that an amendment is legally the same as a dismissal.

7

> Accordingly, this court cannot say the trial court abused its discretion in denying Defendant's motion to quash.

*State v. Miller*, 21-115 (La.App. 3 Cir. 5/20/21) (unpublished opinion).

Regarding a defendant's efforts to revisit issues previously raised, this court has explained:

> [Defendant] does not directly argue why this court should revisit an issue it has previously addressed . . . .
>
> These same arguments . . . were presented in the writ application and assessed by the earlier appellate panel rendering the writ ruling. We do not revisit the issue here and note that an appellate court has discretion to not reconsider a previously decided issue unless it finds the previous decision based on palpable error or that manifest injustice would occur. *See State v. Dugas*, 21-85 (La.App. 3 Cir. 5/11/22) (unpublished opinion) (2022 WL 1487006), *writ denied*, 22-00947 (La 9/7/22), 345 So.3d 426. This court continues to apply the law of the case doctrine as a discretionary tool of judicial economy. *Id*.
>
> We maintain that reasoning here, finding no palpable error in this court's earlier writ ruling.

*State in the Interest of R.R.B.*, 22-397 pp. 16-17 (La.App. 3 Cir. 10/26/22), 353 So.3d 883, 892.

*Dugas*, cited in *R.R.B.*, took note of *Davis v. Jazz Casino Co., L.L.C.*, 03-276, 03-1223 (La. 6/6/03), 849 So.2d 497 (per curiam) and *State v. Bryant*, 21-240 (La.App. 3 Cir. 12/22/21), 333 So.3d 495, recognizing that those opinions indicate that on appeal, the law-of-the-case doctrine does not *bar* review of issues previously raised via pretrial writs.

The *Dugas* court explained:

> In view of *Davis*, the panel in *Bryant* decided that the law-of-the-case doctrine did not apply to bar review of issues that had been raised in a pretrial writ.
>
> We note that *Davis* did not address the foundations of the "law of the case" doctrine.

8

As the fourth circuit has explained:

> The State contends that because this Court already considered these issues and found no error in the trial court's decision, the law of the case doctrine should apply to preclude any further consideration of the defendant's arguments.

> Under the law of the case doctrine, appellate courts have held they have discretion to not reconsider a previously-decided issue unless they find the previous decision is based on palpable error or that manifest injustice would occur. *Pitre v. Louisiana Tech University*, 95-1466 (La.5/10/96), 673 So.2d 585, 589; *Zatarain v. WDSU Television*, 95-2600 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181.

> The "law of the case" doctrine applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal process. *See Brumfield v. Dyson*, 418 So.2d 21 (La.App. 1 Cir.1982). This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reason[ ] for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of the result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. *Day v. Campbell-Grosjean Roofing and Sheet Metal Corp.*, 260 La. 325, 256 So.2d 105 (1971).

As noted in *State v. Gillet*, 99-2474, p. 5 (La.App. 4 Cir. 5/10/00), 763 So.2d 725, 728-29:

> This Court has stated that "an appellate court will not reverse its pretrial determinations . . . unless the defendant presents new evidence tending to show that the decision was patently erroneous and produced an unjust result."

*State v. Molineux*, 11-275, pp. 3-4 (La.App. 4 Cir.

10/19/11), 76 So.3d 617, 619, *writ denied*, 11-2556 (La. 3/30/12), 85 So.3d 117. *See also Trahan v. State ex rel. Dep't of Health & Hosp.*, 04-743 (La.App. 3 Cir. 11/10/04), 886 So.2d 1245, 1250. To the extent that the appellate court in *Davis* appeared to use the doctrine as a bar to re-examination of previously presented claims, the supreme court has certainly ruled against such a bar. However, this court has continued to apply the doctrine as a discretionary tool of judicial economy, as explained in *Molineux*. The present case provides another illustration of the need for the use of the doctrine in some form. Relying on *Bryant* and *Davis* to allow him to reach the merits of the assignment, the defendant seeks to raise the arguments he has previously put before this court.

After reviewing the arguments put forth by the defendant, and both the statements sought to be excluded and the circumstances surrounding the taking of those statements, we find no palpable error in the previous ruling by the writ panel and find no manifest injustice will occur by relying on the ruling in the defendant's writ.

We therefore decline to revisit that issue. This assignment of error is without merit.

*Id.* at pp. 10-11.

In the present case, Mr. Miller does not advance a new legal argument to this court. In citing to the supreme court's decision in *Stevenson* finding a mid-trial dismissal, Mr. Miller returns to his earlier claim that the state's amendment of the bill was the equivalent of a dismissal, thus barring further proceedings due to double jeopardy. This was essentially the argument he made in his previous writ to the court. Thus, in light of *R.R.B*, we find that this assignment lacks merit. As in the case of the writ denial, Mr. Miller provides no legal support for the proposition that an amendment is legally the same as a dismissal.

In his second assignment of error, Mr. Miller argues that the trial court erred by denying his motion quash, as the denial "erroneously allowed the State to dismiss the original charge of 2nd degree murder, after jeopardy had attached, and

thereafter prosecute [him] on the responsive verdicts of manslaughter and negligent homicide." The core of this assignment, as with the previous one, is the argument that the state's amendment of the bill constituted a dismissal of the original charge. As already noted, this is the issue that was previously presented to this court via pretrial writ. The court rejected that argument in the writ, and Mr. Miller makes no showing that it should be revisited. Throughout his brief, Mr. Miller merely asserts that an amendment is the equivalent of a dismissal, however, he provides no legal authority to support this position. Similarly, this court has found none.

Mr. Miller also argues that this court erred by addressing the issue at all, as a statement by the prosecutor at the initial hearing on the motion to quash appeared to concede that the new bill initiated a new prosecution. However, the prosecutor asserted in the same colloquy that the original bill had not been dismissed. Moreover, in a post-hearing opposition, the state asserted that they had merely amended the original charge and had not initiated a new prosecution. The amended bill clearly carried the label of "amendment" and was filed in the same docket number and into the same division as the original.

While Mr. Miller is correct in that jeopardy terminates following a dismissal; and further prosecution would constitute double jeopardy, in the instant case, there was no such dismissal. As there was never a jeopardy terminating event, Mr. Miller cannot claim to have been subject to double jeopardy. This assignment is without merit.

IV.

## CONCLUSION

For the foregoing reasons, Mr. Miller's conviction and sentence are affirmed.

11

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.