STATE OF LOUISIANA      *      NO. 2023-KA-0066

VERSUS      *

     COURT OF APPEAL

PHILLIP DOMINICK, III,      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 555-638, SECTION "DIVISON K"
Judge Marcus DeLarge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

Jason Rogers Williams
District Attorney
Brad Scott
Chief of Appeals
Zachary A. Creel
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR APPELLANT/STATE OF LOUISIANA


Sierra Thompson
Elisabeth Ford Sgro
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

     COUNSEL FOR APPELLEE/DEFENDANT

**REVERSED AND REMANDED**

**JUNE 6, 2023**

The appellant, the State of Louisiana, seeks review of the district court's January 23, 2023 ruling, granting the defendant/appellee, Phillip Dominick, III's ("Defendant"), motion to quash. For the reasons that follow, we reverse the district court's ruling, granting the motion to quash, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Defendant was indicted by the Orleans Parish grand jury under Case No. 540-073 on one count of second degree murder, a violation of La. R.S. 14:30.1, one count of obstruction of justice in a second degree murder investigation, a violation of La. R.S. 14:130.1, and two counts of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. On August 15, 2022, Defendant filed a motion to quash the two firearm possession counts on the grounds that the predicate offense for both counts, accessory after the fact to murder, is not an enumerated felony under La. R.S. 14:95.1(A) and thus could not support a conviction under that statute. The district court granted the motion to quash on the same day, and the case proceeded to trial on the second degree murder and obstruction of justice counts. After a two-day trial, the jury was unable to reach a

1

verdict on either count, and a mistrial was declared. On August 22, 2022, the case was set for retrial on November 14, 2022.

On September 29, 2022, Defendant was indicted by the Orleans Parish grand jury under Case No. 555-638, the case *sub judice*, on charges of second degree murder (count 1), obstruction of justice in a second degree murder investigation (count 2), possession of a firearm by a convicted felon (count 3), and intimidating a witness in a second degree murder case, a violation of La. R.S. 14:129.1 (count 4). The first two counts relate to the same incidents of second degree murder and obstruction of justice charged in Case No. 540-073.[1] On October 31, 2022, the State entered a *nolle prosequi* in Case No. 540-073, and that case was closed.

On November 18, 2022, Defendant filed a motion to quash counts one and two of the indictment in Case No. 555-638 on the grounds that the State's dismissal of Case No. 540-073, after that case went to trial and a mistrial was ordered when the jury could not agree upon a verdict, had the legal effect of an acquittal pursuant to La. C.Cr.P. art. 693 and that the reinstitution of prosecution on the dismissed charges violated the prohibition against double jeopardy contained in the United States and Louisiana Constitutions. The State filed an opposition to the motion to quash on November 22, 2022. The matter was set for a ruling on January 4, 2023. On that day, the district court ordered the parties to submit additional briefs by January 17, 2023. On January 17, 2023, the State and Defendant each filed a memorandum of law.

---

[1] The third count of the indictment relates to the same incident charged in the first count of possession of a firearm charged in Case No. 540-073. However, the predicate conviction is for a different offense, namely, possession of heroin.

On January 23, 2023, the district court granted the motion to quash. The State subsequently brought the instant appeal, wherein it asserts a single issue: whether the district court erred in granting Defendant's motion to quash.

## STANDARD OF REVIEW

"[T]his Court in reviewing a motion to quash involving solely a legal issue, such as presented in the instant case, applies a *de novo* standard of review." *State v. Griffin*, 19-0519, p. 2 (La. App. 4 Cir. 9/18/19), 280 So.3d 725, 727 (quoting *State v. Broyard*, 14-1026, p. 3 (La. App. 4 Cir. 12/23/15), 183 So.3d 796, 798).

## DISCUSSION

La. C.Cr.P. art. 693 provides, in part:

> Dismissal by the district attorney of an indictment or of a count of an indictment, discharges that particular indictment or count. The dismissal is not a bar to a subsequent prosecution, except that:
>
> (1) A dismissal entered without the defendant's consent after the first witness is sworn at the trial on the merits, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed . . . .

Defendant argues that La. C.Cr.P. art. 693(1) applies to this case and that the *nolle prosequi* dismissal of Case No. 540-073 operated as an acquittal, "terminating" the jeopardy that had attached when the jury was sworn at his earlier trial. Thus, Defendant contends, reindictment on the dismissed charges placed him in double jeopardy.

The State asserts that Defendant has not been placed in double jeopardy. The State argues that the district court's ordering a mistrial effectively operated as the granting of a new trial, the effect of which, pursuant to La. C.Cr.P. art. 857, "is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried." Treating the case "as if it had

never been tried," the State contends, once a mistrial was declared, "it was as if no first witness was sworn at the trial on the merits," and "[Defendant] was no longer in jeopardy." According to the State, "because La.C.Cr.P. art. 857 provides a clean slate . . . following a mistrial," its decision to dismiss the earlier case and reindict "created no undue fairness or prejudice for the defense."

The Fifth Amendment to the United States Constitution and Article I, § 15 of the Louisiana Constitution prohibit placing a person twice in jeopardy of life or limb for the same offense. In *State v. David,* 468 So.2d 1133, 1135 (La. 1985), the Supreme Court stated:

> Inherent in the guarantee against double jeopardy are three constitutional protections: 1) against a second prosecution for the same offense after acquittal; 2) against a second prosecution for the same offense after conviction; 3) against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717 [89 S.Ct. 2072, 2076, 23 L.Ed.2d 656] (1969).

La. C.Cr.P. art. 591 defines the situations when an accused can be tried again for the same offense, one of which is "where there has been a mistrial legally ordered under the provisions of Article 775." Under La. C.Cr.P. art. 775(2), a mistrial may be ordered where "[t]he jury is unable to agree upon a verdict." The Supreme Court has noted that "[a] mistrial ordered when a jury deadlocks, obviously, does not raise double jeopardy concerns when a defendant is retried." *State v. Gasser*, 22-00064, p. 8 (La. 6/1/22), 346 So.3d 249, 256 (citing *Blueford v. Arkansas*, 566 U.S. 599, 609, 132 S.Ct. 2044, 2052, 182 L.Ed.2d 937 (2012); *Sattazahn v. Pennsylvania*, 537 U.S. 101, 109, 123 S.Ct. 732, 738, 154 L.Ed.2d 588 (2003)).

In the case *sub judice*, the district court declared a mistrial because the jury was unable to reach a verdict. Retrial of the case therefore did not violate the

double jeopardy clause of the United States and Louisiana Constitutions. However, the State did not retry Defendant; it filed a new bill of indictment and then dismissed Case No. 540-073. The dismissal forms the controversy in this case, raising a question as to whether it invoked the operation of La. C.Cr.P. art. 693 and "terminated" the jeopardy that had attached when the jury panel was sworn in Case 540-073, creating a bar as to subsequent prosecution of the counts of second degree murder and obstruction of justice charged in the original indictment.

A defendant's double jeopardy concerns arise "only after original jeopardy attaches and terminates." *United States v. Garcia*, 567 F.3d 721, 730 (5th Cir. 2009) (citing *Richardson v. United States,* 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984)). The United States Fifth Circuit Court of Appeals has observed that there are only three possible "jeopardy terminating events" that would bar a retrial: "(1) an acquittal, (2) a trial court determination of insufficiency leading to a directed verdict of acquittal, and (3) an unreversed determination on direct appeal that there was insufficient evidence to support the conviction." *Garcia*, 567 F.3d at 730 (quoting *Vanderbilt v. Collins*, 994 F.2d 189, 195 (5th Cir. 1993)).

Defendant contends that the dismissal of his first case operates as an acquittal and that La. C.Cr.P. art. 693 bars subsequent prosecution. However, there exists no binding authority for Defendant's contention that his dismissal is tantamount to an acquittal. To the contrary, under Louisiana law, a *nolle prosequi* "does not . . . operate as an acquittal;" it "is simply a discharge of a particular indictment upon which it is entered." *State v. Hornsby*, 8 Rob. 583, 588-89 (La. 1845). *See also State v. Davis*, 17-0168, p. 10 (La. App. 1 Cir. 2/27/18), 243 So.3d 606, 612 (recognizing that "the effect of a [*nolle prosequi*] dismissal is to

discharge the particular indictment or bill of information."); La. C.Cr.P. art. 693 ("Dismissal by the district attorney of an indictment or of a count of an indictment, discharges that particular indictment or count."). Therefore, we find that the dismissal did not terminate jeopardy that had attached upon the swearing of the jury.

Defendant's argument that La. C.Cr.P. art. 693(1) is determinative of the issue is misplaced. Defendant argues that because La. C.Cr.P. art. 693(1) does not contain language limiting its application to dismissals entered "before a verdict is announced or a mistrial declared," the legislature intended that the article apply in a case such as his, where the State has dismissed a case after a mistrial. However, Defendant's argument conflicts with La. C.Cr.P. arts. 591 and 775, which authorize retrial after a legal mistrial has been entered. Reading the three articles in *pari materia*, La. C.Cr.P. art. 693(1) contemplates a bar to subsequent prosecution where the district attorney dismisses an indictment or a count in an indictment during a trial in progress, after the jurors are sworn, but before mistrial or verdict.

The Supreme Court has recognized that La. C.Cr.P. art. 693(1) "incorporates a fundamental rule required by the Double Jeopardy Clauses of the federal and state constitutions to protect 'the valued right of a defendant to have his trial completed by the particular tribunal summoned to sit in judgment on him.' " *State v. Stevenson*, 08-0885, pp. 6-7 (La. 1/16/09), 998 So.2d 692, 695-96 (quoting *Downum v. United States,* 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100 (1963)). The Court further explained: "The state therefore may not avoid the consequences of beginning trial without sufficient evidence to convict by the simple expedient of dismissing the charge and causing an end to the proceedings

6

short of a verdict of acquittal." *Stevenson*, 08-0885, p. 7, 998 So.2d at 696 (citation omitted).

Here, after a mistrial was declared, the jury was dismissed, and Defendant was subject to retrial by a different jury. Therefore, the State's dismissal and reindictment did not implicate Defendant's right under La. C.Cr.P. art. 693 to have his case completed by the jury originally impaneled to hear it. Accordingly, we find that Defendant's argument lacks merit.[2]

## CONCLUSION

Accordingly, for the reasons set forth in this opinion, we reverse the ruling of the district court, granting Defendant's motion to quash counts one and two of the indictment, and remand the case for further proceedings.

**REVERSED AND REMANDED**

---

[2] We reject the State's argument that the district court's declaration of a mistrial operated as the granting of a new trial under La. C.Cr.P. art. 857. The relief under La. C.Cr.P. art. 857 presupposes that there is a "verdict or judgment" to be to be "set aside." Likewise, the time provided for filing a motion for a new trial – after verdict or judgment of the trial court, *see* La. C.Cr.P. art. 853 – envisions that a new trial is available only where a case has been tried to completion. Here, the jury did not reach a verdict, and a mistrial was declared. We find that the provisions of the Louisiana Code of Criminal Procedure governing motions for new trial do not apply to a retrial set as a result of a legally ordered mistrial.